**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Thomas McPhillips, et al., | ) | **CASE NO. 1:07 CV 1618** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Travelers Property Cas. Ins. Co., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |


### INTRODUCTION

This matter is before the Court upon Plaintiffs' Motion to Remand (Doc. 4).  This is an insurance case.  For the reasons that follow, the motion is GRANTED.  Plaintiffs' request for attorneys' fees is DENIED.

### FACTS

Plaintiffs, Thomas McPhillips, McPhillips Plumbing, Heating & Air Conditioning, Joseph R. Compoli, Jr., Jang Konthong, Mark S. Telich, Lawrence Zychowski, Duplicating Specialities Co., Cynthia Jemiola, Cynthia J. Jemiloa O.D., Inc., James Betor, Lake Erie Industrial Services, and Marie Hydraulics Services, filed this lawsuit against defendant,

1

Travelers Property Casualty Insurance Company.[1]

Plaintiffs obtained a judgment in state court against Prime TV, LLC ("Prime TV") for violations of the Telephone Consumer Protection Act.  The judgment entry awards each plaintiff a separate amount of money.  No one plaintiff is entitled to recover more than $75,000.  Collectively, however, the total amount of the judgment exceeds $75,000.  Plaintiffs allege that Prime TV is insured by defendant and that the judgment represents losses covered by the applicable insurance policy.  Accordingly, plaintiffs are looking to defendant to pay the state court judgment on behalf of Prime TV.

Plaintiffs filed this lawsuit in state court.  Defendant removed this matter on the basis of diversity of citizenship.  Plaintiffs move to remand this case and defendant opposes the motion.

## STANDARD OF REVIEW

A defendant may remove an action from state court to federal court if the plaintiff could have filed suit originally in federal court.  28 U.S.C. § 1441(a).  Because defendant claims that this controversy is subject to the Court's diversity jurisdiction, it must demonstrate that the parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(a).  The removing defendant has the burden to prove diversity jurisdiction by a preponderance of the evidence. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  This burden applies even when the complaint alleges damages of less than $75,000.  *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

---

[1]    It appears that defendant's correct name is Travelers Indemnity Insurance Company.

2

**ANALYSIS**

Plaintiffs argue that this matter must be remanded because the amount in controversy is less than $75,000.  According to plaintiffs, the Court is not permitted to aggregate the damages sought by each individual plaintiff in order to determine the amount in controversy.  Defendant argues that the Court must look at the collective amount of the judgment in determining whether diversity jurisdiction exists.  According to defendant, plaintiffs have a "common and undivided" interest in the litigation.

It is well settled that multiple plaintiffs cannot combine "their damages claims to meet the [amount in controversy] requirement save when they share a common and undivided interest in them."  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 823 (6th Cir. 2006).  It is imperative that the interest be both common *and* undivided.

> Aggregation is permitted 'where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation.  In other words, the obligation to the plaintiffs must be a joint one.'

*Id*. at 824 (internal emphasis omitted)(*quoting Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963)).  "The paradigm common fund cases thus involve claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common owners or in which they share a common interest arising under a single title or right."  *Id*. (internal citations and quotations omitted).

Although the standard appears fairly straightforward, application of this test is less than uniform.  In fact, "the traditional principles in this area have evolved haphazardly and with little reasoning."  *Wright, Miller & Cooper*, *Federal Practice and Procedure* at § 3704. (3d ed.1998).

Despite pervasive criticism of the 'separate and distinct' versus 'common and undivided'

3

distinction as arcane and confusing, there appears to be a common thread in the relevant case law– the presence of 'common and undivided' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally.

*Klempner v. Northwestern Mut. Life Ins. Co.*, 196 F.Supp.2d 1233, 1241 (S.D. Fla. 2001).

In this case, defendant argues that plaintiffs share a "common and undivided" interest because they are subrogees.  According to defendant, the above test is satisfied because plaintiffs seek to obtain one $87,000 judgment against one of defendant's insured based on a single insurance policy with that insured.

In support of its position that aggregation should be permitted in this matter, defendant relies primarily on *Manufacturers Cas. Ins. Co. v. Coker*, 219 F.2d 631 (4th Cir. 1955).  In *Coker*, an insurer issued a liability insurance policy covering certain operators of school buses. One of the buses was involved in an accident in which 23 children sustained injuries.  The injured parties obtained  state court judgments against the administrator of the bus driver's estate.  The insurer brought a declaratory judgment in federal court against the administrator of the driver's estate and the injured children seeking a declaration that it had "no duty to defend" or pay the judgments.  The district court dismissed the children's claims on the grounds that, individually, the claims failed to satisfy the jurisdictional amount.  The court reasoned that the claims were several and unrelated.  On appeal, the Fourth Circuit reversed.  According to the court of appeals, the claims should have been aggregated because the "amount in controversy" was actually the insurance policy's limit of liability, *i.e.*, $25,000.  Because this total amount exceeded the jurisdictional amount at that time, jurisdiction was proper.  The court also noted that the claims arise out of a single instrument.  For these reasons, the district court should have aggregated the claims.

This Court disagrees with the reasoning in *Coker*.  As an initial matter, the Court concludes that the fact that the claims may arise from a single instrument is, in and of itself, insufficient to satisfy the "common and undivided" standard.  *See, e.g., Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir. 1969) (noting that the Supreme Court has recognized that aggregation cannot be made "merely because the claims are derived from a single instrument.").  The Court also disagrees with the Fourth Circuit's reasoning to the extent it looked to the limit of liability to determine whether the claims should have been aggregated.  It is possible that individuals with entirely separate and distinct claims against one insured may file suit against an insurer in the same action.  Assume for example, that certain third-parties sustained property damage in *Coker*.  If these individuals brought suit along with the personal injury claims asserted by the children, it is entirely possible that the insurer could be liable to only one group of plaintiffs.  Thus, the Court finds that looking to the limit of liability is not sufficient, even when the underlying claims allegedly arise out of the same instrument, to aggregate claims.  In addition, the Court notes that, in *Coker*, the insurer's claim against the bus driver exceeded the jurisdictional amount.  Thus, the court concluded that it also had ancillary jurisdiction over the claims against the children.  This provided the Court with another basis on which to exercise jurisdiction.[2]

This Court finds the reasoning of the more recent decision in *National Union Fire Ins. Co. of Pittsburgh v. ESI Ergonomics Solutions, LLC*, 342 F.Supp.2d 853, (D. Ariz. 2004) persuasive.  In a case remarkably similar to the present, a class of plaintiffs obtained a state court

---

[2]     The Court notes that whether ancillary jurisdiction should be
        exercised where only one plaintiff's claim exceeds the
        jurisdictional amount is also the subject of much debate.

5

judgment against an insured for violation of the Telephone Consumer Protection Act.  The total value of the judgment equaled over $40 million, but each individual claim approximated only $500.  The plaintiffs brought a state court garnishment action against the insured and the insurer.  The insurer filed a declaratory judgment action in federal court and removed the garnishment action.  In a thorough analysis, the court concluded that it lacked jurisdiction over *both* matters because the interests of the plaintiffs were not "common and undivided."  Specifically, the court reasoned that because plaintiffs' claims are "cognizable, calculable, and correctable individually," aggregation is not proper.  The court noted that the plaintiffs did not suffer a single indivisible group injury.  Rather, they each suffered a separate and individual violation of the Telephone Consumer Protection Act.  The fact that the actions were based on a single judgment was "an artifact of the class action and not a characteristic of the plaintiffs' interest in the judgment."  *Id*. at 860.  Typically, aggregation is permitted only where "there is a 'single indivisible res' jointly owned by the plaintiffs that 'creates an undivided obligation...'"  *Id*. (citations omitted).  The fact that judicial economy may be served by permitting the actions to proceed jointly is an insufficient basis on which to premise federal jurisdiction.  Accordingly, the court concluded that aggregation was not proper and, as a result, the court lacked jurisdiction over the matter.[3]

 Like *National Union*, the plaintiffs in the present case do not "jointly own" or have a

---

[3] Defendant attempts to distinguish *National Union* on the grounds that it involved a garnishment action rather than a subrogation action.  The Court finds that distinction to be without a difference.  Regardless, the *National Union* court also concluded that, for the same reasons, aggregation should not be permitted over the declaratory judgment action.

"joint right" to collect on the judgment.  Rather, the judgment expressly identifies each individual plaintiff and separately identifies the amount each is entitled to collect.  The Court notes that the judgment is premised on separate violations of the TCPA.  Moreover, defendant does not claim that the plaintiffs may only pursue this action collectively.  In short, while the legal issues may significantly overlap, and judicial economy may be served by proceeding collectively, these reasons are not sufficient to create a "common and undivided" interest.  Accordingly, the Court concludes that, on the facts of this case, aggregation is not permissible.  As a result, the amount in controversy is not satisfied and the Court lacks jurisdiction over this matter.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 8/20/07

7